

SO ORDERED,



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 305 PETROLEUM, INC., | ) | Case No. 20-11593-JDW |
| | ) | |
| PACIFIC PLEASANT | ) | Case No. 20-11594-JDW |
| INVESTMENT, LLC, | ) | |
| | ) | |
| PLEASANT POINT | ) | Case No. 20-11595-JDW |
| INVESTMENT, LLC, | ) | |
| | ) | Jointly Administered. |
| | ) | |
| | ) | |
| Debtors. | ) | Chapter 11 |

### MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO DESIGNATION AS SMALL BUSINESS DEBTOR (Dkt. # 66)

This matter came before the Court on the *Objection of Premier Capital Investment Company, LLC and Vikram Patel to Designation as Small Business Debtor* filed on June 26, 2020 (the "Objection") (Dkt. # 66).[1] The issue is whether the debt of single asset real estate debtor Premier Petroleum

---

[1] All citations are to the 305 Petroleum case (20-11593-JDW) pursuant to the *Agreed Order Partially Granting Motion to Joint Administration* (Dkt. ## 58, 91), unless otherwise noted.

Investment, LLC ("Premier") should be aggregated with the debts of the three jointly administered debtors to determine their eligibility for small business debtor status under the Bankruptcy Code. The Court concludes that the operative statute requires inclusion of Premier's debt. Because the aggregate debts of the four affiliates exceed the statutory small business threshold when Premier's debt is included, the Objection is due to be sustained.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS & PROCEDURAL HISTORY

The parties have stipulated to the following facts,[2] which are sufficient to decide the narrow legal issue here:

1. Each of the Debtors has filed for relief under Chapter 11: 305 Petroleum, case no. 20-11593-JDW, Pleasant Point Investment, LLC, case no. 20-11595-JDW, Premier Petroleum Investment, LLC, case no. 20-11596-JDW, and Pacific Pleasant Investment, LLC, case no. 20-11594-JDW.
2. Each of the Debtors elected to utilize Subchapter V.
3. Premier Petroleum's primary activity is the business of owning single asset real estate.

---

[2] (Dkt. # 130). The parties' stipulations are reproduced verbatim in the numbered paragraphs here.

4. Premier Petroleum is ineligible to be a debtor under Subchapter V since it is a single asset real estate debtor and has amended its petition to proceed as a non-Subchapter V Chapter 11 debtor [Case No. 20-11596, Dkt. No. 127].

5. The list of equity holders filed by 305 Petroleum Inc. lists Nrupesh Patel as the 100% shareholder of 305 Petroleum, Inc. [Case No. 20-11593, Dkt. No. 4].

6. The list of equity holders filed by Pacific Pleasant Investment, LLC lists Nrupesh Patel as the 100% shareholder of Pacific Pleasant Investment, LLC. [Case No. 20-11594, Dkt. No. 4].

7. The list of equity holders filed by Pleasant Point Investment, LLC lists Nrupesh Patel Tejal Patel as each being 50% members of Pleasant Point Investment, LLC. [Case No. 20-11595, Dkt. No. 4].

8. The list of equity holders filed by Premier Petroleum Investment, LLC lists Nrupesh Patel as the 100% member of Premier Petroleum Investment, LLC. [Case No. 20-11596, Dkt. No. 4].

9. Vikram Patel asserts that he is a 50% owner of each of the Debtor, that Nrupesh Patel is a 50% owner of 305 Petroleum, Inc. and Pacific Pleasant Investment, LLC, and that Nrupesh Patel and Tejal Patel are each 25% owners of Pleasant Point Investment, LLC.

10. Nrupesh Patel and Tejal Patel assert ownership of the Debtor is as stated in the list of equity security holders filed by each Debtor.

11. While the ownership of the Debtors is currently disputed, there is no dispute that regardless of the outcome of that dispute, the Debtors share common ownership sufficient to render them affiliates as defined under 11 U.S.C. § 101(2)(B).

While the parties did not stipulate to the total debts of each debtor, it appears uncontested that if Premier's debt is included, the debtors' aggregate debt exceeds the $7,500,000.00 maximum for small business eligibility. Excluding Premier's debt, the aggregate debt is below the statutory maximum.

3

## III. CONCLUSIONS OF LAW

Congress passed the Small Business Reorganization Act of 2019 (the "SBRA") to make it easier for small businesses to reorganize under the Bankruptcy Code.[3] That is not at issue here. The issue here is whether these debtors are, or more specifically, whether they meet the statutory definition of, small business debtors.

The issue is fairly straightforward, even if the answer must be derived from a fairly lengthy definition spanning two subsections of a statute. To elect the small business designation under chapter 11 of title 11, a debtor must meet the definition of a "small business debtor" under 11 U.S.C. § 101(51D)–both subparts (A) and (B). The three jointly administered debtors all satisfy the provisions of subsection (A). Premier, because it is a single asset real estate debtor, does not. But subsection (B) narrows the definition of subsection (A) to also exclude any debtor whose total debt, **plus the debt of all its affiliates**, exceeds the current small business threshold of $7,500,000.00. While subsection (A) excludes single asset real estate debtors from the definition of "small business debtors," subsection (B) does not exclude single asset real

---

[3] *See generally* H.R. REP. NO. 116-171 (2019). The SBRA was added as subchapter V to chapter 11 of the U.S. Code.

estate debtors from the definition of "affiliates."[4] Premier's debt must therefore be added to the total of the affiliates, pushing the debtors over the threshold.

11 U.S.C. § 101(51D)(A) defines a "small business debtor" as:

> (A) subject to subparagraph (B). . . a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than [$7,500,000.00][5] not less than 50 percent of which arose from the commercial or business activities of the debtor; and
> (B) does not include--
> > (i) any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than [$7,500,000.00] (excluding debt owed to 1 or more affiliates or insiders). . . .

To qualify as a small business debtor, a debtor must be engaged in commercial or business activities, other than owning single asset real estate, and must derive not less than 50% of its income from these activities. Pleasant, Pacific, and 305 Petroleum each meet this requirement. Premier is a single asset real estate debtor, and does not meet the definition. Its case was therefore redesignated as a "standard" chapter 11 case (Dkt. # 130, ¶ 4).

The debtors contend that because Premier is ineligible for subchapter V, its debt should not be aggregated with the other debtors in the maximum debt

---

[4] The parties have stipulated that Premier is an affiliate of the other three debtors (Dkt. # 130, p. 2, ¶ 11).

[5] The debt limit was temporarily increased to $7,500,000.00 per the Coronavirus Aid, Relief, and Economic Security (CARES) Act, effective March 27, 2020.

limit analysis.   But § 101(51D)(A)'s opening sentence begins with "subject to

subparagraph (B)."  Additionally, subsection (A) and (B) are joined by the term

"and."   "[T]he joinder of two clauses with the word 'and'. . . means that the

legislature intended that a potential candidate for statutory relief fulfill both

clauses, not just one."[6]  The broad definition in § 101(51D)(A) is narrowed by

subsection (B), and a debtor must satisfy both provisions to be eligible for

subchapter V.

The debtors argue that the "plain language" of § 101(51D)(A) mandates

exclusion of single asset real estate debtors when calculating aggregate debt.

But Premier's status as a single asset real estate debtor has no impact on its

status   as   an   affiliate   of   the   jointly   administered   debtors.     Section

101(51D)(B)(i) does not reference any specific chapter of the Bankruptcy Code.

"Where Congress includes particular language in one section of a statute but

omits it in another section of the same Act, it is generally presumed that

Congress  acts  intentionally  and  purposefully  in  the  disparate  inclusion  or

exclusion."[7] If Congress had intended § 101(51D)(B)(i) to exclude single asset

real estate debtors, it would have said so, just as it did in subsection (A).[8]

---

[6] *United States v. Draheim*, 958 F.3d 651, 657 (7th Cir. 2020).

[7] *Russello v. United States,* 464 U.S. 16, 23 (1983).

[8] *See generally Acosta v. Hensel Phelps Constr. Co.,* 909 F.3d 723, 732 (5th Cir. 2018)
("Absent persuasive indications to the contrary, [courts] presume Congress says what it
means and means what it says") (citing *Simmons v. Himmelreich,* 136 S. Ct. 1843, 1848
(2016)).

Including Premier's debt also squares with prior versions of § 101(51D).  The Bankruptcy Court for the Southern District of New York, examining a prior version of § 101(51D), confirmed that "affiliated debtors aggregate their non-insider, non-affiliate liquidated non-contingent debts. If the aggregated amount exceeds $2 million, neither debtor is considered a small business debtor even though each debtor might be if treated separately."[9]

The appellate courts are clear that this Court must "always turn first to one, cardinal canon before all others. . . [to] presume that a legislature says in a statute what it means and means in a statute what it says there."[10]  Congress made clear that a small business debtor cannot be a member of a group of affiliates whose aggregate debt exceeds $7,500,000.00.  Section 101(51D)(B)(i), by its plain language, excludes the debtors from subchapter V.

## IV. CONCLUSION

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the Objection (Dkt. # 66) is **SUSTAINED** and the three jointly administered debtors are reclassified as standard chapter 11 debtors.

## ## END OF OPINION ##

---

[9] *In re CCT Commc'ns, Inc.*, 420 B.R. 160, 172 (Bankr. S.D.N.Y. 2009).
[10] *United States v. Meeks*, 69 F.3d 742, 744 (5th Cir. 1995) (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–254 (1992)).